If you could just let us know how much time you've reserved, we'd appreciate that. United States of America v. Andrew Demma. If it please the Court, Mary Beth Young on behalf of the United States. The United States appeals as substantively unreasonable the one-day sentence imposed on Defendant Demma for possessing 3,600 images and 230 videos containing child pornography. The District Court's downward variance from a guideline range of 78 to 97 months is insufficient to serve the goals of sentencing. In particular, the Court gave excessive weight to Demma's personal characteristics while giving insufficient weight to the seriousness of Demma's offense, the need to promote respect for law and ensure just punishment, and the need for general deterrence. I'll begin with general deterrence, as the District Court's dismissive view of this factor would require reversal even without the other shortcomings mentioned. This Court has repeatedly emphasized the importance of general deterrence in a child pornography context, including earlier this year in reversing a non-custodial sentence in Shrink. Rather than heeding this Court's instruction, the District Court repeatedly dismissed the significance of general deterrence in this area out of hand, noting that as far as general deterrence is concerned, people who commit these type of offenses have mental health issues, and there are certain types of crimes, this being one of them, for which general deterrence is more myth than reality. And quite frankly, whether there's a custodial sentence or not  All of this is squarely contrary to controlling precedent. Can I ask you about what seems to me to be controlling authority? So we have these pretty well-written line of cases in this line, and I'd probably ask both lawyers, but it's sort of rare when we have a case that's pretty close to being on point. This one seems to be pretty close. Is there anything that you think is distinguishing? Of course, I'll ask your friend on the other side, but that case seems to be pretty close to this case in many respects. Your Honor, I agree. This line, as well as other cases, Comiscione, Robinson, that have involved this sort of one-day or similar sentence for child pornography possession, this Court has repeatedly found to be substantially unreasonable for the same sorts of reasons. Wait, wait, wait. Did you mention this Camassoni case? Yes. There, on remand, they reimposed the same one-day sentence. They did, but there was a substantial term of home confinement, at least in that case, which, of course, is something that's not at issue here. It was at issue in this line, but it was reversed again. Exactly. Not to get in your way. Okay, but I'm just saying there is... Not that the United States would have viewed that as adequate. We were asking for a custodial sentence, but at least it does distinguish this situation. Well, would a possibility be, do you think there has to be a custodial sentence, or would it be enough to impose more conditions on the 10 years of supervised release here? The United States thinks that there needs to be a custodial sentence. Now, this Court's review for substantive unreasonableness would be different if you had different conditions, and if that were the case, the Court could analyze that issue. But, you know, I will say whatever the sentence, if it were accompanied by this sort of treatment of general deterrence, it would not be substantively reasonable because it would be failing to give appropriate weight to that factor. Where do you think the district court went wrong here, then? Most noticeably in this treatment of general deterrence, despite the fact that this Court has repeatedly pointed to general deterrence as critical in child pornography possession cases, the Court just expressed a strong view to the contrary, and did it sort of not based on any fact-specific circumstances of this case, but categorically for this category of cases, this is general deterrence is more myth than reality for this type of cases. Well, I think he largely based it, didn't he, on the fact that Dema is a Iraq war veteran and had this post-traumatic stress disorder, right, the PTSD. That was certainly an important part of the Court's reasoning, and those are factors the Court was entitled to consider, of course, just as in this line there were other mitigating factors. That defendant was elderly, had substantial health problems, was a caretaker for a family. They're greater here. I mean, I think it is fair to say. And I think the United States acknowledged below. Yeah, I mean, the personal characteristics. They were permissible factors for the Court to consider. The personal characteristics are probably more mitigating here. I think there might be more images here. There are more images here, substantially more images. How many were there in this line when you do the video times 75 business? I haven't done the multiplication, but this line was 305 images and 56 videos, whereas this is 3,600 images. I mean, this is a multiple. Much more significant. And use of child pornography was a continuing phenomenon for Mr. Dema. He had been using it over five years. He's using the dark web to access it, which this Court enshrank earlier this year, found to be significant. And, in fact, the 2012 Sentencing Commission report that expressed concerns with some of the current enhancements, one of the things that the Sentencing Commission pointed to that would be a better measure of culpability is sophisticated technologies. So this was very serious conduct. The District Court, although stating that the conduct was serious, didn't give any apparent consideration to the fact that he had such a large collection. He used the dark web. He used it over a period of time. How about the seriousness of the offense? What do you have to say about that and the way that was treated in this case? Right. So, again, the Court didn't sort of embrace or discuss particularly the features that made this more serious. And what it did instead was point to the fact that Dema was not at risk for a contact offense. But, of course, the guidelines already take that into account, that this was not a contact offense. And notwithstanding this, this was 78 to 97 months, the guideline range. And sort of by looking at the fact, pointing to the fact that Dema had not done a different offense, the Court failed to significantly weigh the seriousness of the offense Dema did actually commit. It seemed like a quite modest restitution award here. Do you know procedurally how the District Court came to a calculation that the four victims that were identified in this case, the four young women presumably whose images were viewed as they were children, that they were each entitled to $5,000? I don't know the details of that. But it was more or less an agreed number. There was not a contested restitution hearing. Can I go back to the PTSD issue, which I think your friend will probably talk quite a bit about when he stands up? So I think Judge Kethledge was right to acknowledge that's a pretty serious consideration here. How has that been treated in other cases, maybe not child pornography cases, but other criminal cases? How have courts sort of weighed that in the sentencing analysis? Mental health is something that the guidelines envision as an appropriate factor, particularly when it's of an unusual degree. But at the same time, our brief sites, this court in Rotman, for example, that was affirming a sentence where a District Court, while acknowledging a military veteran's PTSD, recognized that notwithstanding PTSD, you're still responsible for your actions, which is approximately what we feel Judge Rice lost sight of here. It's one thing to acknowledge PTSD or other mental health issues, but Judge Rice really emphasized repeatedly a causal relationship, but gave that more weight than it's entitled to. Many things could have a causal relationship. In the child pornography context, you often see you were abused as a child. I read a PSR in a drug case about how some young male defendant grew up without a father, and mom is on crack, and there's all this just terrible crime around them. I mean, this is not a unique case in the sense that circumstances which were no fault of the defendants contributed to a path of crime. We see that every day, but I don't see one-day sentences every day. I agree, Your Honor. In Shrink, earlier this year, this court reversed a one-day sentence for child pornography possession, 840 images and three videos, in a case where the defendant had submitted letters attesting the tragic life events he suffered leading up to the offense. Again, the United States acknowledged some of the circumstances there, and in fact acknowledged that a downward variance might be appropriate, not a one-day sentence. Thank you. We'll hear from Mr. Mayhol. Thank you. Good morning. May it please the Court, I'm Richard Mayhol. Just a couple of issues that came up. In the Shrink case, I noted when I went on PASER a couple of weeks ago that the district court imposed the same sentence on remand. In that case, it's now headed back in front of this court again. What was that sentence, just out of curiosity? One day. That's a child pornography case? Yes. Are you aware of any other offense, any examples of another offense, somebody's charged with it, they have a guideline range, say in the five to eight-year territory, and they get one sentence, or one day. Are there any crack cases? Are there any bank robbery cases, anything like that, where it's just one day, other than child porn? Not that I can think of, but that's because of the drug cases or the robbery cases that would have that high of a guidelines range have mandatory minimum. No, not all would. Assuming there isn't one, that's what I'm wondering. I'll be candid with you. What I'm driving at is we see a lot of these one-day, more than one would expect, one-day sentences in child pornography cases, and in cases with the ranges that I described. We see cases involving other crimes, drugs, guns, you name it, all the time in the same range, and I just don't see one-day sentences. It makes me think that perhaps the district courts in these cases, notwithstanding their nominal recognition of the importance of the offense, are not recognizing the importance of the offense and are not thinking it's all that serious compared to these other crimes for which we never see one-day sentences. I just want to give you a chance. I just wonder if that's what's really going on here and give you a chance to explain maybe why that's not the case. Well, I think there are a couple of explanations. The first one would be that nobody who sees these images, and I've had to see a lot of them over the years, would say that this is not a serious offense. The harm that these kids are going through as these images are taken is undeniable. Yeah, unimaginable. And it's things that every time I look at it, I said, more stuff I'm never going to get out of my head. Yeah, I'm sorry. So I really do think the courts take this very seriously. But we're just not seeing it in the sentences. Well, that's because I believe, Your Honor, that a lot of these defendants who get in front of the court on these kind of offenses, that's their only criminal involvement. A lot of times they have to. The guidelines take account of that fully. They do, but I think the court, if it comes up with a good explanation, has the discretion to depart from the guidelines. The guidelines also take into account the seriousness of the offense, the need for deterrence. Sure. And so the court still has to. None of those seem, I mean, argue that the United States is saying none of those things are. The guidelines took them account, but the sentence here did not. Yes. I think what was coming on the district court was to explain the reasons for his sentence. You know, this court does its review. That's procedural reasonableness. Okay. But we're here on substantive. And a substantive reasonableness review, the court looked at whether the court considered the guidelines, whether it relied on an impermissible factor. Too much weight is kind of what's the issue. That's what the government's arguing. Too much weight on, you know, some factors, personal characteristics, his situation. Too little weight, they're saying, on others. General deterrence, hard to see any weight there, notwithstanding our just repeated unequivocal statements about that in these cases. You know, severity of the offense, the harm that this does to the victims, it's hard to see how that's really taken into account. You know, the retributive interest that Congress has pretty clearly expressed in the guideline provisions, it's hard to see how that's taken into account here. My response to that would be, Your Honor, it seems to me, I don't know that there's a case on it, but when the argument is that the trial court, district court, place unreasonable weight on certain factors, that's where the district court's discretion is at its broadest, because that's a district court's job. But isn't part of the 3553A factor not to have unwarranted disparities in sentences? And if you've got a one-day sentence when a lot of others have custodial time, isn't that an unwarranted disparity? I think it's a warranted disparity. And what warrants it here? The personal experiences of Dema. Which is largely the PTSD. It's more than that, Your Honor. The reason he developed his addiction to child pornography, and that was pretty well established by the record, was because of his experience serving his country as a combat medic in Iraq. Well, that's what two of the three experts said. The third one said no, he didn't think it was caused by the Iraq war. But he thought it was related. It was exacerbated. It simply cannot be taken out of the equation. A good chunk of my brief and a good chunk of the sentencing hearing was dedicated, devoted, to explaining what that was. And I know this court doesn't review for facts, but you can't understand the district court's decision unless you consider that testimony of Dema talking to his father about watching a young girl approach his Jeep while she was remote detonated by terrorists behind her and then getting out and seeing her body parts on the tank. I mean, that is a distinguishing factor. And that's got to be taken into account in sentencing. Was there any proof in the record, though, that those combat veterans with PTSD are more likely to become addicted to child pornography than otherwise? Of the general population, is there any proof to that? I mean, it's not like every combat veteran who comes back with PTSD turns to child pornography. No, but Dr. Peterson testified that he is working on a paper with another colleague discussing the phenomenon that it is more frequent than you would think that people coming back from Iraq with PTSD act out through child pornography. So it's unusual, but it is not unique. I mean, I know we have this case of United States v. Riley from 2011. It was a similar PTSD veteran, child pornography. He was sentenced to 151 months, and he challenged that on being unreasonably harsh, and this court affirmed, right, it's substantively reasonable. As I recall, Riley, that was a distribution case? Yeah, I think so. And so I think that is one distinction as well. And I don't know that there was in Riley an argument or evidence that there was a causal relationship between the PTSD and the child pornography addiction. I'm not sure of that, but that's my recollection of the case. So do you distinguish this line on the fact that the PTSD was maybe a more weighty consideration in favor of the defendant here? I do, and, you know, that's the crux of my argument. In that case, I think Judge Kethledge asked about this, but the number of images was ten times this case than it was in that case. I think the number of images and the fact that the dark web was involved do make this offense more serious. And, I mean, how in the world can a noncustodial sentence be adequate? Because I think that factor of seriousness has to be put in the mix and weighed by the district court. I guess, I mean, the challenge that I think that you have here, and your brief was excellent, and you're doing an excellent job representing your client, but the challenge that you have here is, yes, PTSD, unquestionably a very legitimate factor, and all of us genuinely honor the service of this defendant and sympathize with what he went through. But there are multiple factors that Congress in the statute has directed, mandated that district courts consider, and it seems like this one eclipsed everything else. It's very hard to avoid that conclusion here when you have a noncustodial sentence. This one factor eclipses everything. Well, this court and Congress have never mandated how much weight a particular factor must be given. I do not dispute the court that the judge gave a great deal of weight to the defendant's personal history. What's your best case? Let's say if you had one case to cite that would support the ruling that Judge Rice reached. From this district, it would be Stahl, but that's not a very good one. Yeah, we distinguish that pretty easily. The cases in this circuit are not favorable to me, so I really can't give you one that I said, this is a winner. But I think the court also has to take into account what happened when Bisline and Camsione and Stark and Robinson were remanded and the sentences that were imposed there, which were still far below guidelines. In two of the cases, it was... The point was they were remanded. Probably the main point is that those sentences were vacated and the cases were remanded. In other words, we're not setting a sentence today, but that might be a point to make if the case was remanded. Well, in a case where we don't get the chance to review it, in some of these cases that you mentioned in your brief, it's not jurisprudentially very significant. And if the government chooses not to... I mean, like in Bisline 3, the government chose not to appeal that. So there's nothing... We didn't review the substantive reasonableness for being too light. He argued it was too heavy. We rejected that argument. I understand that, Your Honor. I do think it goes to the proportionality argument, though, which is if we've got these cases, whether they're at this court's level or back at the district court level, I do think it makes sense for that factor to take a look at what ultimately happened in these cases. Proportionality as to what? A disparate... I can never think of it, the unwarranted disparity. In this line, what was the final sentence on remand the second time? Twelve months and a day. Okay. That's still a good bit more than one day. Yes, yes. And one concern as a practitioner that I have is that district courts would fashion their sentences to make sure it got past appellate review as opposed to weighing the factors independently and imposing the sentence that they thought was sufficient but not greater than necessary. Getting past appellate review might mean complying with the law, too. There is that fact, Judge. I must say, you mentioned that Congress didn't mandate anything for this particular offense. If district courts keep doing this one-day stuff, I bet the government's just going to start charging receipt rather than possession, and they're going to get five years and we'll never see it if this stuff keeps going on. That's a valid point, Your Honor. My sense, I'm just guessing. It's neither here nor there, but my guess is the government wanted something in between. They didn't want them to get five years. They wanted something in between. But the next one, they're probably just going to charge receipt. There's nothing you or I can do about that. But if we're talking about Congress didn't mandate something, well, on this offense. Yeah. The one other issue that came up in the opening argument, on the restitution issue, that was an amount that was proposed by the U.S. attorney and agreed to by the defendant. That's helpful. This court has never held that a sentence that does not include incarceration for possession of child pornography was unreasonable. I don't think this is a case for the court to make that holding. Categorically, you mean? Categorically. Right. Okay. And so I would ask the court to affirm the sentence of the district court and overrule the objection. Thank you. Thank you, sir. We'll hear rebuttal. Mr. Mayholm noted that district court has discretion to vary downward if it comes up with a good explanation. What the court came up with here was not a good explanation. It was a decidedly bad explanation. In particular, it's reasoning that general deterrence is a myth. It's apparent disregard for the seriousness of the particular aspects of the conduct here. It's undue weight to the fact that there may have been a causal link to circumstances in the defendant's background. As Mr. Mayholm noted, this court hasn't categorically said that a custodial sentence is always required. The district court reasons similarly that it's a zero to 20 range, so somebody must deserve zero. The United States would submit, even if that's so, it's not this defendant who possessed a huge collection of child pornography including sadistic conduct, prepubescent minors, did so over a period of time, and used the dark web to do it. Thank you. Thank you. Thank you both for your arguments. Mr. Mayholm, I see you've been appointed pursuant to the Criminal Justice Act, and you discharge your responsibilities in the best tradition of that, and we sincerely appreciate it. Thank you very much, sir.